FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 13, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD B.,[1]<br>   Plaintiff,<br>vs.<br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br>   Defendant. | No. 4:18-cv-05168-MKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>ECF No. 22 |

Before the Court is Defendant's motion for reconsideration. ECF No. 22. Plaintiff has filed a response to Defendant's motion, ECF No. 23, and Defendant has filed a reply, Tr. 24. The parties have consented to proceed before a magistrate judge. ECF No. 7.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

# BACKGROUND

On September 25, 2012, Plaintiff protectively filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging a disability onset date of December 28, 2011. Tr. 191-202. The applications were denied initially, Tr. 139-46, and on reconsideration, Tr. 148-52. Plaintiff appeared at a hearing before an administrative law judge on October 29, 2014. Tr. 36-85. On December 22, 2014, the ALJ denied Plaintiff's claims. Tr. 16-35. On appeal, this Court remanded the case to the Social Security Administration and instructed it to supplement the record with any outstanding evidence, take testimony from psychological, medical, and vocational experts, reassess whether Plaintiff met Listing 12.05C, reassess Plaintiff's symptom reports, reweigh the medical opinions in the file, and form a new RFC determination considering the new evidence in the record. Tr. 753-71.

On June 22, 2018, Plaintiff appeared before an ALJ for a second hearing. Tr. 660-719. On August 16, 2018, the ALJ denied Plaintiff's claims. Tr. 628-59. On July 31, 2019, this Court entered an Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment (Court's Order) and remanded the case for an immediate calculation and award of benefits. ECF No. 20. Judgment was entered in favor of Plaintiff on the same date. ECF No. 21. On August 28, 2019, Defendant moved for reconsideration of

ORDER - 2

the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 22. On September 3, 2019, Plaintiff filed a response to Defendant's motion. ECF No. 23. On September 11, 2019, Defendant filed a reply in support of its motion. ECF No. 24.

## STANDARD OF REVIEW

A court may alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 59(e). Rule 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir.2003). A Rule 59(e) motion may be granted if: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

## ISSUES

Defendant requests that the Court modify its judgment and remand for further proceedings. ECF No. 22 at 2. Alternatively, Defendant requests that the Court find Plaintiff disabled for limited periods before and after he worked at a

ORDER - 3

substantial gainful activity level, with reference to his date last insured for Title II benefits. ECF No. 22 at 2.

## DISCUSSION

### A. Remand for Further Proceedings

Defendant seeks a remand for further proceedings, but such a remand would serve no useful purpose. Administrative proceedings are generally useful where the record "has [not] been fully developed," *Garrison*, 759 F.3d at 1020, there is a need to resolve conflicts and ambiguities, *Andrews*, 53 F.3d at 1039, or the "presentation of further evidence ... may well prove enlightening" in light of the passage of time, *I.N.S. v Ventura*, 537 U.S. 12, 18 (2002). *Cf. Nguyen*, 100 F.3d at 1466–67 (remanding for ALJ to apply correct legal standard, to hear any additional evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (same); *Dodrill*, 12 F.3d at 918-19 (same); *Bunnell*, 947 F.2d at 348 (same). Here, as discussed in this Court's Order, the record has been fully developed. ECF No. 20 at 60. The record contains several years' worth of treatment records, including notes from treating and examining specialists, opinion evidence from treating and examining specialists, Plaintiff, and several of his friends and family members. Two administrative hearings have been held and medical experts have testified at both hearings after reviewing the longitudinal record. Further proceedings are not necessary.

ORDER - 4

Defendant contends that the "Court awarded benefits by crediting evidence that did not directly address the period during which [Plaintiff] worked and was not disabled." ECF No. 22 at 4. As discussed in this Court's Order, the ALJ did not provide legally sufficient reasons for rejecting opinion evidence from three of Plaintiff's examining providers concerning both physical and mental limitations. ECF No. 20 at 20, 24, 40. Further, three of the four reasons identified by the ALJ for discounting Plaintiff's symptom complaints were not supported by substantial evidence, and the ALJ's analysis of the lay witness statements suffered the same defects. ECF No. 20 at 56-57. Under these circumstances "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. Cal. 2004). The Court finds no clear error in its decision to remand for an immediate calculation and award of benefits, other than the need to clarify that Plaintiff is not entitled to disability benefits during the time that he performed substantial gainful activity.

**B.    Clarification of Order**

Defendant contends this Court committed clear error by failing to clarify that Plaintiff was precluded from a finding of disability during the time period the ALJ determined, and the Court affirmed, that Plaintiff worked at a substantial gainful activity level. ECF No. 22 at 1-2. If the claimant is engaged in "substantial

ORDER - 5

gainful activity," the ALJ must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b). Here, the ALJ determined that Plaintiff performed work that constituted substantial gainful activity between November 2015 and January 2017, and therefore, Plaintiff "cannot be considered disabled during that period."[2] Tr. 634. The Court affirmed this finding. ECF No. 20 at 12 ("Substantial evidence supports the ALJ's conclusion that Plaintiff's work between November 2015 and January 2017 constituted substantial gainful activity.").

The Court remanded the matter to the Commissioner of Social Security for an immediate calculation and award of benefits without specifically stating in its remand instructions that Plaintiff was not eligible to receive an award of benefits during the period that he was engaged in substantial gainful activity and thus, not disabled. ECF No. 20 at 62. Defendant requests that the Court find Plaintiff: (1) disabled between his December 28, 2011 alleged onset date and the commencement of his work at the substantial gainful activity level in November 2015; (2) not disabled between November 2015 and January 2017 while he was

---

[2] The ALJ found that "[Plaintiff] testified at the hearing that he worked full time for one security company between Thanksgiving 2015 and May 2016, followed by full-time work for a second security company after a weeklong break until January 12, 2017." Tr. 634.

ORDER - 6

engaged in substantial gainful activity; and (3) disabled under Title XVI only for any period commencing after January 2017. ECF No. 22 at 8. Plaintiff does not oppose Defendant's suggestion to clarify that Plaintiff is eligible to be paid benefits from December 28, 2011 to November 25, 2015 and then again beginning January 13, 2017, consistent with this Court's Order. ECF No. 23 at 2-3 n.1. The Court grants Defendant's request to amend the Court's Order to clarify that Plaintiff was not disabled, and thus cannot receive disability benefits, from November 26, 2015 through January 12, 2017.

### C. Calculation of Title II Benefits

Defendant argues that Plaintiff's Title II eligibility ended on his September 30, 2014 date last insured and any secondary disability period arising after that date establishes only Title XVI benefits. ECF No. 22 at 6. Plaintiff asserts that the payment center calculates Plaintiff's benefits upon remand for an immediate calculation and award of benefits. ECF No. 23 at 4-5. The Court declines to engage in a calculation of benefits, as this matter has been remanded to the Commissioner of Social Security for the calculation and award of benefits. ECF No. 20 at 62.

///

///

///

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration, ECF No. 22, is **GRANTED IN PART AND DENIED IN PART**.

2. The Court's Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment, ECF No. 20, is **AMENDED** as follows:

3. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

4. Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

5. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits consistent with this Order, and consistent with this Court's Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment, ECF No. 20. Specifically, when calculating benefits, the Commissioner shall consider that Plaintiff performed work at a substantial gainful activity level from November 26, 2015 through January 12, 2017, and thus, was not disabled and is not eligible to receive disability benefits for that time period. The Court finds that Plaintiff was disabled from December 28, 2011 to November 25, 2015 and then again

beginning January 13, 2017.  Further, when calculating benefits, the Commissioner shall determine whether Plaintiff's date last insured has changed due to his split period of disability and shall compute Plaintiff's Title II benefits based on any new date last insured.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED September 13, 2019.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 9